IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEVELAND BROTHERS EQUIPMENT CO., INC., <br><br> Plaintiff <br> v. <br><br> THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 66, 66A, B, C, D, O & R, AFL-CIO, <br><br> Defendant | Civil Action No. 2:19-CV-1036 |

# COMPLAINT

Plaintiff, Cleveland Brothers Equipment Co., Inc. ("Cleveland Brothers") by and through its undersigned attorneys, Jackson Lewis P.C., respectfully alleges as follows:

1. This is an action to vacate an arbitration Award, which is brought pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185 *et*. *seq*. In the Award, Arbitrator James E. Rimmel (the "Arbitrator") required Cleveland Brothers to remove the discipline and last chance Rehabilitation Agreement ("RA") which had been provided to an employee and Union member, ("Grievant"), a commercial motor vehicle driver, despite finding that Grievant had alcohol in his system in violation of the Department of Transportation / Federal Motor Carrier Safety Administration ("DOT/FMCSA") regulations found at 49 C.F.R. § 392.5(a)(2). A copy of the Award is attached as Exhibit A.[1]

---
[1] In order to maintain the confidentiality of Grievant, Grievant's name is redacted from the Award.

**Jurisdiction and Venue**

2. Cleveland Brothers is a Delaware Corporation, registered to do business in Pennsylvania, that is engaged in the rental, sale, and maintenance of heavy equipment, and operates in numerous locations in Western Pennsylvania, including one in Murrysville, Pennsylvania, within the jurisdiction of this suit. Cleveland Brothers is in an industry affecting commerce as defined in the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et. seq.

3. Defendant, the International Union of Operating Engineers, Local 66, 66A, B, C, D, O & R, AFL-CIO, (the "Union") is a voluntary association and an unincorporated labor organization engaged in representing employees in collective bargaining with employers.

4. Cleveland Brothers and the Union both reside in and regularly conduct business within the jurisdiction of this Court. The arbitration hearing took place in Pittsburgh, Pennsylvania.

5. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b).

**Collective Bargaining Agreement, Drug-Free Workplace Policy
and DOT/FMCSA Regulations**

6. Cleveland Brothers and the Union were parties to a collective bargaining agreement (the "CBA") which became effective July 1, 2016, and which expired on June 30, 2019. The CBA covered the terms and conditions of employment for a unit of field technicians and maintenance employees at Cleveland Brothers location in Murrysville, Pennsylvania. A true and correct copy of the CBA is attached hereto as Exhibit B.

7. The CBA contains, in Article 18, which is entitled "Safety," a provision which states in relevant part:

> "[t]o assist in meeting safety objectives, the Company's Drug-Free Workplace Program provides reasonable measures to ensure that an Employee drug or alcohol problem does not jeopardize the successful operation of the business or otherwise

negatively affect the Company, its Employees, the Union, our customers, or the general public.

All Bargaining Unit Employees are subject to the terms and provisions of this policy as described in the Cleveland Brothers Equipment Company, Inc. Drug-Free Workplace Program Handbook and associated Drug-Free Workplace Summary." See Exhibit B at 40.

8. The Drug-Free Workplace Policy (the "Policy"), which is incorporated by reference to the CBA states, in relevant part:

"**DOT/FMCSA**: Employees subject to DOT/FMCSA shall comply with all applicable requirements in addition to those listed in this policy and may be subjected to additional testing requirements."

A true and correct copy of the Drug-Free Workplace Policy is attached as Exhibit C. See, Exhibit C, at 3.

9. DOT/FMCSA Regulations state that no driver shall "[u]se alcohol, be under the influence of alcohol, or have any measured alcohol concentration or detected presence of alcohol while on duty, or operating, or in physical control of a commercial motor vehicle." 49 C.F.R § 392.5(a)(2).

10. The Policy also provides that "[a]ny violation of the Drug-Free Workplace Policy, even a first offense, may be a basis for disciplinary action, up to and including termination. See, Exhibit C at 5.

11. Under Article 17, the CBA contains a grievance procedure pursuant to which disputes arising out of the collective bargaining relationship between Cleveland Brothers and the Union are to be resolved. See Exhibit B, at 38-39.

12. The CBA further provides that matters which cannot be solved through the grievance procedure are to be submitted to arbitration. Id., at 39.

**Factual Background**

13. This dispute arises out of a disciplinary action against Grievant on or about December 19, 2018.

14. At all times relevant to this action, Grievant was a field technician who, as a part of his regular job responsibilities, drove a 33,000-pound gross weight commercial motor vehicle (the "vehicle"), and was subject to the provisions of DOT/FMCSA.

15. As a driver of a 33,000-pound gross weight commercial motor vehicle, Grievant was required to have a Class B commercial drivers license ("CDL").

16. Grievant attended at least two (2) Cleveland Brother's training sessions which included the DOT/FMCSA regulations which pertained to him as a commercial motor vehicle driver.

17. The training sessions reviewed DOT/FMCSA regulations found at 49 C.F.R § 392.5(a)(2) which specifies that "no driver shall – (2) use alcohol, be under the influence of alcohol, or have any measure of alcohol concentration or detected presence of alcohol, while on duty, or operating, or in physical control of a commercial motor vehicle."

18. The training sessions also reviewed the DOT/FMCSA regulation found at 49 C.F.R. § 382.501, which requires that no driver who has tested positive for alcohol while driving a commercial motor vehicle shall "not perform safety sensitive functions, including driving a commercial motor vehicle."

19. On December 17, 2018, Grievant drove the commercial motor vehicle beginning at 6:41 a.m. from his home to the Cleveland Brother's Murrysville location, arriving there at 7:11 a.m.

20. At approximately 8:00 a.m. that day Grievant was notified that he had been randomly selected to undergo an alcohol screening test.

21. The Grievant was sent to a MedExpress facility, located across the street from Cleveland Brother's Murrysville location, for the testing.

22. Two and one-half hours after first driving his commercial motor vehicle, Grievant was given a Breath Alcohol Test ("BAT") at 9:06 a.m., registering a result of 0.034, and a second BAT at 9:22 a.m. registering a result of 0.029.

23. As a result of the test results which established that Grievant drove the commercial motor vehicle with alcohol in his system, Cleveland Brothers directed Grievant to sign a Rehabilitation Agreement ("RA") which required his enrollment and attendance in a rehabilitation program, and completion of such a program.

24. The RA also required Grievant to agree to unannounced testing under which a positive result would lead to immediate termination.

25. Grievant was suspended without pay during his compliance with the RA, and was returned to his position upon completion of the program.

**The Grievance and Arbitration**

26. The Union timely filed a grievance regarding Grievant's suspension and RA requirement stating the Grievant was "unjustly disciplined."

27. The grievance was processed through the CBA's grievance procedure and proceeded to arbitration which was held on April 30, 2019.

28. Grievant did not testify at the hearing.

29. In his July 26, 2019 Award, the Arbitrator acknowledged that Grievant was driving the vehicle while subject to DOT/FMCSA regulations including Regulation 392.5(a)(2) which

5

states that no driver shall: "[u]se alcohol, be under the influence of alcohol, or have any measured alcohol concentration or detected presence of alcohol while on duty, or operating, or in physical control of a commercial motor vehicle." See Exhibit A at 8.

30. In his Award, the Arbitrator held: "[T]herefore, via empirical evidence, it is clear that Grievant was in violation of Regulation 392.5(a)(2) because he registered above 0.02 on the date in question." See Exhibit A. at 10.

31. Despite the fact that the Arbitrator held that Grievant was in violation of Regulation 392.5(a)(2), the Arbitrator sustained the grievance and ordered Cleveland Brothers to make Grievant whole through payment of full back pay and lost benefits and to remove all references in Grievant's personnel file to the last chance agreement RA.

32. The Arbitrator made this ruling based upon his belief that Cleveland Brother's policy is ambiguous, but despite the fact that he found that Grievant was trained, and in violation of Regulation 392.5(a)(2) by driving the vehicle with alcohol in his system.

## **COUNT I**

33. An arbitrator's award should be vacated if the award violates a well-defined and dominant public policy, discerned by reference to the laws and legal precedents, and not from general considerations of supposed public interest. See e.g., Exxon Shipping Co. v. Exxon Seamen's Union, 73 F.3d 1287, 1291 (3d Cir. 1993), quoting W.R. Grace & Co. v. Local Union 759, 461 U.S. 757, 766 (1983).

34. This Court should vacate the Award based on the well-defined and dominant public policy interest as set forth in DOT/FMCSA regulations, against allowing commercial motor vehicle drivers to have any measured alcohol while on duty or operating a commercial motor vehicle.

35. In his Award, the Arbitrator held: "[t]herefore, via empirical evidence, it is clear that Grievant was in violation of Regulation 392.5(a)(2) because he registered above 0.02 on the date in question."

36. By acknowledging the fact that Grievant was in violation of 49 C.F.R. § 392.5(a)(2) while at the same time removing Grievant's disciplinary suspension and RA, the Award effectively condones permitting a commercial motor vehicle driver driving while in violation of established federal regulations, and is therefore contrary to a well-defined and dominant public policy.

37. Such a result completely undermines Cleveland Brothers' effort to abide by its legal obligations under 49 C.F.R. § 392.5(a)(2).

38. The Award sends a message to other employees that driving a commercial motor vehicle in violation of 49 C.F.R. § 392.5(a)(2) is not serious enough to warrant any discipline.

## PRAYER FOR RELIEF

WHEREFORE, Cleveland Brothers prays for judgment against the Union as follows:

1. That the July 20, 2017 Award of Arbitrator James E. Rimmel be vacated; and

2. That the Court grant such other relief as may be just and proper.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Douglas G. Smith*
Douglas G. Smith
Pa. I.D. No. 56834
Zachary Mueller
Pa. I.D. No. 313764
Liberty Center, Suite 1000
1001 Liberty Avenue
Pittsburgh, PA  15222

Attorneys for Plaintiff,
Cleveland Brothers Equipment Co., Inc.